**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SUMITOMO DAINIPPON PHARMA, CO., LTD., et al.,<br><br>　　　　Plaintiffs,<br><br>　　　　　　v.<br><br>EMCURE PHARMACEUTICALS LTD., et al.,<br><br>　　　　Defendants. | Civil Action No. 15-280 (SRC) (CLW)<br>Civil Action No. 15-281 (SRC) (CLW)<br>Civil Action No. 15-6401 (SRC) (CLW)<br><br>(Consolidated) |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANTS' MOTION TO EXCLUDE**
**DECLARATIONS AND TESTIMONY OF DR. STEPHEN DAVIES**

| **BLANK ROME LLP** | **CAESAR RIVISE, PC** | **PATUNAS LAW LLC** |
|---|---|---|
| Stephen M. Orlofsky | Salvatore Guerriero | Michael E. Patunas |
| David C. Kistler | Robert S. Silver (*Pro Hac Vice*) | 24 Commerce St., Suite 606 |
| New Jersey Resident Partners | Pei-Ru Wey (*Pro Hac Vice*) | Newark, NJ 07102 |
| 301 Carnegie Center, 3rd Fl. | 1635 Market Street | mpatunas@patunaslaw.com |
| Princeton, NJ 08540 | 12th Floor - Seven Penn Ctr. | |
| Orlofsky@BlankRome.com | Philadelphia, PA 19103-2212 | *Of Counsel*: |
| Kistler@BlankRome.com | sal@crbcp.com | **GOODWIN PROCTER LLP** |
| | | Ira J. Levy |
| *Attorneys for Defendants* | *Attorneys for Defendant* | Cynthia Lambert Hardman |
| *Emcure Pharmaceuticals, Ltd.* | *InvaGen Pharmaceuticals, Inc.* | Brian J. Prew |
| *and Heritage Pharma Labs Inc.* | | Linnea P. Cipriano |
| *(formerly known as Emcure* | | The New York Times Building |
| *Pharmaceuticals USA, Inc.)* | | 620 Eighth Avenue |
| | | New York, NY 10018 |
| | | |
| | | *Attorneys for Defendants Teva Pharmaceuticals USA, Inc. and Teva Pharmaceutical Industries, Ltd.* |

## **TABLE OF CONTENTS**

**I.** INTRODUCTION ...............................................................................................................1

**II.** DR. DAVIES' DECLARATION(S) AND TESTIMONY SHOULD BE EXCLUDED BECAUSE PLAINTIFFS FAILED TO COMPLY WITH THE EXPERT DISCLOSURE REQUIREMENTS OF THE LOCAL PATENT RULES....................2

**III.** CONCLUSION..................................................................................................................5

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

<u>Source Search Techs., LLC v. Kayak Software Corp.</u>,
 2014 U.S. Dist. LEXIS 1008 (D.N.J. Jan. 6, 2014) ................................................................2

**OTHER AUTHORITIES**

Local Patent Rule 4.2 ...................................................................................................................5

Local Patent Rule 4.2(b) ...........................................................................................1, 2, 3, 4, 5

Local Patent Rules 4.2(c) ........................................................................................................3, 5

Local Patent Rule 4.3 .................................................................................................................1

Local Patent Rule 4.3(f) ..........................................................................................................3, 5

Defendants Emcure Pharmaceuticals Ltd., Heritage Pharma Labs Inc., InvaGen Pharmaceuticals, Inc., Teva Pharmaceuticals USA, Inc. and Teva Pharmaceutical Industries, Ltd. (collectively, "Defendants"), respectfully move to exclude the opening and any answering expert declarations of Dr. Stephen Davies and to preclude Dr. Davies from testifying on claim construction issues in this matter.

## I.   INTRODUCTION.

Plaintiffs Sumitomo Dainippon Pharma Co., Ltd. and Sunovion Pharmaceuticals Inc.'s ("Plaintiffs") disclosure of Dr. Davies' expert testimony and their reliance on the same are untimely, improper, and a violation of this District Court's Local Patent Rules.

Under Local Patent Rule 4.2(b), Plaintiffs were required to identify and describe the expert testimony on which they intended to rely when the parties initially exchanged their claim constructions on April 6, 2016. At that time, Plaintiffs failed to notify Defendants of Dr. Davies' proposed testimony. Plaintiffs were afforded another opportunity to disclose Dr. Davies under L. Pat. R. 4.2(c), within 14 days of receiving Defendants' preliminary proposed claim construction and corresponding identification of supporting evidence. Again, Plaintiffs failed to notify Defendants of Dr. Davies' proposed testimony. Next, the parties began working on the Joint Claim Construction and Prehearing Statement ("Joint Statement") required under L. Pat. R. 4.3. At this point, Plaintiffs, again, failed to identify Dr. Davies as a witness, and in fact represented that it did not anticipate calling any witnesses at a <u>Markman</u> hearing. It was not until two (2) days before the filing of the Joint Statement that, in an about-face, Plaintiffs surprised Defendants by stating for the first time their intention to rely on expert testimony. Then, on the next day Plaintiffs belatedly identified Dr. Davies and a description of the substance of his proposed testimony.

1

For these reasons and the reasons set forth below, Dr. Davies' declaration(s) and testimony should be excluded.

## II.     DR. DAVIES' DECLARATION(S) AND TESTIMONY SHOULD BE EXCLUDED BECAUSE PLAINTIFFS FAILED TO COMPLY WITH THE EXPERT DISCLOSURE REQUIREMENTS OF THE LOCAL PATENT RULES.

"The Local Patent Rules for the District of New Jersey were created to further the goal of full, timely discovery and provide all parties with adequate notice and information with which to litigate their cases, not to create supposed loopholes through which parties may practice litigation by ambush." <u>Source Search Techs., LLC v. Kayak Software Corp.</u>, No. 11-3388 (FSH), 2014 U.S. Dist. LEXIS 1008, at *7 (D.N.J. Jan. 6, 2014) (quotation and citations omitted).  With their "cat and mouse" identification and disclosure of Dr. Davies' testimony, Plaintiffs have violated the letter and spirit of the District of New Jersey Local Patent Rules providing a schedule for the sequence of production—specifically, the disclosure of expert testimony—related to claim construction.

Local Patent Rule 4.2(b) required Plaintiffs to identify their <u>Markman</u> expert and his/her proposed testimony when the parties initially exchanged claim construction positions:

> At the same time the parties exchange their respective "Preliminary Claims Constructions," each party shall . . . designate any supporting extrinsic evidence *including . . . testimony of all witnesses including expert witnesses*. . . . *With respect to all witnesses including experts, the identifying party shall also provide a description of the substance of that witness' proposed testimony that includes a listing of any opinions to be rendered in connection with claim construction.*

L. Pat. R. 4.2(b) (emphasis added).  Plaintiffs did not identify Dr. Davies or the substance of his testimony when Plaintiffs served their Preliminary Claim Constructions and Identification of

Supporting Evidence on April 6, 2016. (Guerriero Decl. at Ex. 1.[1]) Not only did Plaintiffs fail to identify supporting expert testimony, Plaintiffs specifically objected to the use of any expert testimony to claim construction, arguing that the intrinsic evidence was "clear." (Id. at 2-3.)

Local Patent Rule 4.2(c) gave Plaintiffs another opportunity to disclose Dr. Davies and his proposed testimony within 14 days after receiving Defendants' Preliminary Proposed Claim Construction:

> Not later than 14 days after the parties exchange the "Preliminary Claim Constructions" under this rule, the parties shall exchange an identification of all intrinsic evidence and extrinsic evidence that each party intends to rely on to oppose any other party's proposed construction, *including, without limitation, the evidence referenced in L. Pat. R. 4.2(b)*.

L. Pat. R. 4.2(c) (emphasis added). Once more, Plaintiffs objected to the use of expert testimony as "inappropriate," and argued that "any expert opinions or testimony sought to be offered . . . that was not properly disclosed" should be precluded. (Guerriero Decl. at Ex. 2[2] at 3.) Plaintiff, again, did not identify Dr. Davies or a description of his proposed testimony on April 20, 2016. (Guerriero Decl. at Ex. 2.) Instead, Plaintiffs provided the following insufficient, boilerplate statement: "Sunovion reserves the right to call one or more experts to testify in rebuttal to any expert testimony Defendants may seek to introduce." (Id. at 5.) There was, however, no basis for Plaintiffs to hold back or "reserving" any rebuttal expert testimony, since Plaintiffs' already possessed Defendants' opening preliminary claims constructions and supporting evidence. More significant, Plaintiffs' perfunctory "reservation of the right" fell woefully short of Rule 4.2(b)'s

---

[1] A true and correct copy of Plaintiffs' April 6, 2016 Preliminary Claim Constructions and Identification of Supporting Evidence is annexed as Exhibit 1 to the accompanying declaration of Salvatore Guerriero ("Guerriero Declaration" or "Guerriero Decl.").

[2] A true and correct copy of Plaintiffs' April 20, 2016 Identification of Rebuttal Claim Construction Evidence is annexed as Exhibit 2 to the Guerriero Declaration.

requirement that Plaintiffs provide a description of the substance of any expert witness' proposed testimony and a listing of any opinions to be rendered.

In accordance with L. Pat. R. 4.2(d) and 4.3, on April 26, 2016, Plaintiffs provided Defendants with Plaintiffs' portion of the Joint Statement. (Guerriero Decl. at Ex. 3.[3]) In this disclosure, consistent with their previous disclosures under L. Pat. R. 4.2(b) and (c), Plaintiffs specifically stated that they "do[] not anticipate calling any witnesses at the Claim Construction hearing." (Id. at 5.) On May 2, 2016, two days before the Joint Statement was due, the parties conferred telephonically in connection with the preparation of the Joint Statement, during which Defendant confirmed their intent to rely upon expert testimony as stated in their L. Pat. R. 4.2(b) and (c) disclosures. (Guerriero Decl. at ¶ 5.) Plaintiffs, then, surprised Defendants by stating for the first time, their intention to rely on expert testimony. (Id.) On the next day, Plaintiffs belatedly provided a description of the substance of Dr. Davies' proposed testimony in a draft of a proposed Joint Statement. (Guerriero Decl. at ¶ 6, Ex. 4.[4])

The Local Patent Rules make clear that Plaintiffs may not rely on any evidence in any of its claim construction submissions unless such evidence was previously disclosed in accordance with Local Patent Rule 4.2: "Any evidence that is not identified under L. Pat. R. 4.2(a) through 4.2(c) inclusive **shall not** be included in the Joint Claim Construction and Prehearing Statement." L. Pat. R. 4.3(f) (emphasis added). As this language indicates, the procedural requirements of L. Pat. R. 4.3(f) are not subject to the whims of Plaintiffs—rather they are mandatory. Allowing

---

[3] True and correct copies of an April 26, 2016 email from Dominick DiSabatino to counsel for Defendants and the attached Joint Claim Construction and Prehearing Statement are annexed as Exhibit 3 to the Guerriero Declaration.

[4] True and correct copies of a May 3, 2016 email from Imtiaz Yakub to counsel for Defendants and the attached revised Joint Claim Construction and Prehearing Statement are annexed as Exhibit 4 to the Guerriero Declaration.

Plaintiffs to rely upon Dr. Davies' declaration(s) and testimony in view their gamesmanship would subvert the letter and intent of the Local Patent Rules.

This District Court's Local Patent Rules set up a straightforward process for parties to disclose expert opinions and testimony on which they intend to rely during claim construction. Plaintiffs have taken a strict view of this District Court's Local Patent Rules (see, e.g., ECF No. 62), have condemned alleged "cat and mouse" games in this case (see ECF No. 70 at 24:15), and, as noted above, have acknowledged that "any expert opinions or testimony sought to be offered . . . that was not properly disclosed" should be excluded. (Guerriero Decl. at Ex. 2 at 3.) There is nothing unfair about holding Plaintiffs to their own standards. Plaintiffs did not follow the straightforward, yet exacting requirements of Local Patent Rules 4.2(b)-(c) and 4.3(f), and accordingly, should be precluded presenting and relying on any expert opinion and testimony.

### III. CONCLUSION.

For the forgoing reasons, Defendants respectfully request that the Court exclude the opening and any answering expert declarations of Dr. Davies from the record, and preclude Plaintiffs from offering or presenting expert testimony or evidence from Dr. Davies in connection with Markman or claim construction issues in this case.

\*    \*    \*    \*    \*

| | |
|---|---|
| Dated: August 15, 2016 | <u>s/ Salvatore Guerriero</u><br>CAESAR RIVISE, PC<br>Salvatore Guerriero<br>Robert S. Silver (*Pro Hac Vice*)<br>Pei-Ru Wey (*Pro Hac Vice*)<br>1635 Market Street<br>12th Floor - Seven Penn Center<br>Philadelphia, PA  19103-2212<br><br>*Attorneys for Defendant*<br>*InvaGen Pharmaceuticals, Inc.* |
| <u>/s/ Michael E. Patunas</u><br>PATUNAS LAW LLC<br>Michael E. Patunas<br>24 Commerce Street, Suite 606<br>Newark, NJ 07102<br><br>Of Counsel:<br>GOODWIN PROCTER LLP<br>Ira J. Levy<br>Cynthia Lambert Hardman<br>Brian J. Prew<br>Linnea P. Cipriano<br>The New York Times Building<br>620 Eighth Avenue<br>New York, NJ 10018<br><br>*Attorneys for Defendant Teva Pharmaceuticals USA, Inc. and Teva Pharmaceutical Industries, Ltd.* | <u>s/ David C. Kistler</u><br>BLANK ROME LLP<br>Stephen M. Orlofsky<br>David C. Kistler<br>New Jersey Resident Partners<br>301 Carnegie Center, 3rd Floor<br>Princeton, New Jersey  08540<br><br>Jay P. Lessler<br>Christopher K. Hu (*Pro Hac Vice*)<br>BLANK ROME LLP<br>The Chrysler Building<br>405 Lexington Avenue<br>New York, New York 10174-0208<br><br>*Attorneys for Defendants*<br>*Emcure Pharmaceuticals, Ltd.*<br>*and Heritage Pharma Labs Inc.* |

6