Charles M. Lizza
William C. Baton
Sarah A. Sullivan
SAUL EWING LLP
One Riverfront Plaza, Suite 1520
Newark, NJ 07102-5426
(973) 286-6700

*Attorneys for Plaintiffs*
*Sumitomo Dainippon Pharma Co., Ltd.*
*and Sunovion Pharmaceuticals Inc.*

OF COUNSEL:

Joseph M. O'Malley, Jr.
Preston K. Ratliff II
Bruce M. Wexler
PAUL HASTINGS LLP
200 Park Avenue
New York, NY 10166
(212) 318-6000

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| SUMITOMO DAINIPPON PHARMA CO., LTD. and SUNOVION PHARMACEUTICALS INC., <br><br> Plaintiffs, <br><br> v. <br><br> EMCURE PHARMACEUTICALS LIMITED, *et al.*, <br><br> Defendants. | Civil Action No. 15-280 (SRC) (CLW) <br> Civil Action No. 15-281 (SRC) (CLW) <br> Civil Action No. 15-6401 (SRC) (CLW) <br> (Consolidated) <br><br> **(Filed Electronically)** |

## DECLARATION OF IMTIAZ YAKUB IN SUPPORT OF SUNOVION'S OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE THE DECLARATION AND TESTIMONY OF DR. STEPHEN G. DAVIES

1.      I, Imtiaz Yakub, am an associate at the law firm of Paul Hastings LLP, 600 Travis Street, 58th Floor, Houston, Texas 77002, counsel for Plaintiffs Sumitomo Dainippon Pharma Co., Ltd. and Sunovion Pharmaceuticals Inc. (collectively, "Sunovion") in this matter.  I make this declaration in support of Sunovion's Opposition to Defendants' Motion to Exclude the Declaration and Testimony of Dr. Stephen G. Davies.

2.      On May 2, 2016 at 3:00 PM, the parties met and conferred via telephone for the purpose of narrowing the claim construction issues and finalizing the Joint Claim Construction and Prehearing Statement under L. Pat. R. 4.2(d).  During the meet and confer, Sunovion tried to convince the Defendants to rely solely on the intrinsic record.  Defendants adamantly maintained that they needed expert testimony to support their claim construction.  In addition, during the meet and confer, Defendants refused to tell Sunovion whether they would call one or both of the experts identified in their April 29, 2016 draft Joint Claim Construction and Prehearing Statement.

3.      Given Defendants' unwillingness to forego reliance on expert testimony, Sunovion explained, during the meet and confer, that it would also rely on expert testimony to properly set forth the technology at issue and discuss the intrinsic evidence.

4.      Attached as Exhibit 1 is a true and correct copy of excerpts from a brief submitted by InvaGen Pharmaceuticals, Inc. ("InvaGen") in Civil Action No.

14-4042, docketed as D.I. 217 on June 22, 2015.

5.       Attached as Exhibit 2 is a true and correct copy of excerpts from Sunovion's Identification of Rebuttal Claim Construction Evidence, served on April 20, 2016.

6.       Attached as Exhibit 3 is a true and correct copy of excerpts from Defendants Teva Pharmaceuticals USA, Inc. and Teva Pharmaceutical Industries Ltd.'s Identification of Supporting Intrinsic and Extrinsic Evidence They Intend to Rely Upon to Oppose Plaintiffs' Proposed Constructions, served on April 20, 2016.

7.       Attached as Exhibit 4 is a true and correct copy of excerpts from the draft Joint Claim Construction and Prehearing Statement sent by Defendants to Sunovion on April 29, 2016.

8.       Attached as Exhibit 5 is a true and correct copy of an e-mail sent by Sunovion to Defendants on May 2, 2016.

9.       Attached as Exhibit 6 is a true and correct copy of three e-mail correspondences between Sunovion and Defendants on May 4, 2016.

10.      Attached as Exhibit 7 is a true and correct copy of excerpts from the transcript of the July 14, 2016 deposition of Dr. Steven W. Baldwin.

I declare under penalty of perjury that the foregoing is true and correct.

Dated _____8/25/2016_____                _____
                                                                                        Imtiaz Yakub

# EXHIBIT 1

Salvatore Guerriero
CAESAR RIVISE, PC
1635 Market Street
12th Floor - Seven Penn Center
Philadelphia, PA 19103
Tel: (215) 567-2010
Email: <sal@crbcp.com>

Attorneys for Defendants
Camber Pharmaceuticals, Inc. and
InvaGen Pharmaceuticals, Inc.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ROXANE LABORATORIES, INC. | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action No. |
| v. | : | 2:14-cv-04042-SRC-CLW |
| | : | |
| CAMBER PHARMACEUTICALS, INC. and | : | Return Date: July 6, 2015 |
| INVAGEN PHARMACEUTICALS, INC. | : | |
| | : | |
| Defendants. | : | |
| | : | |
| | : | |

## DEFENDANTS' OPPOSITION TO PLAINTIFF ROXANE LABORATORIES, INC.'S MOTION TO STRIKE THE DECLARATION OF DR. LARRY L. AUGSBURGER ATTACHED TO DEFENDANTS' RESPONDING *MARKMAN* BRIEF

**I.     INTRODUCTION**

Defendants respectfully submit this Opposition to Plaintiff's Motion to Strike the Declaration of Dr. Larry L. Augsburger Attached to Defendants' Responding *Markman* Brief ("Motion").

Defendants have maintained and will continue to maintain that the claim terms at issue in this case do not require expert testimony for purposes of claim construction. Under well-established Federal Circuit law, the hierarchy of evidence to be considered in construing claim

purported inconsistencies and admissions made between different editions of Augsburger's Chapter. Defendants are not mind readers. Plaintiff complains about a situation of its own making. Defendants should not be penalized for Plaintiff's misdoings and Plaintiff should not be rewarded for flouting the local patent rules.

> **B.** **The Extreme Sanction of Exclusion is Unwarranted Under the Law of the Third Circuit**

Plaintiff seeks relief that is disproportional to the purported violation. Striking a declaration due to a scheduling violation is an extreme sanction. *Novartis Pharms. Corp. v. Actavis, Inc.*, 2013 U.S. Dist. LEXIS 182148, at \*21 (D. Del. Dec. 23, 2013). Courts have discretion to decline to impose a sanction "if there was substantial justification for the non-disclosure, or if the non-disclosure was harmless." *ABB Air Preheater v. Regenerative Envtl. Equip. Co.*, 167 F.R.D. 668, 671 (D. NJ. 1996). "Courts in the Third Circuit should exercise particular restraint in considering motions to exclude evidence." *Id*. "The Third Circuit has, on several occasions, manifested a distinct aversion to the exclusion of important testimony absent evidence of extreme neglect or bad faith on the part of the proponent of the testimony." *Id*. "[T]he pivotal issue is whether admission of the evidence will result in incurable prejudice to the resisting party." *Id*. at 672. In the present case, the timing of Dr. Augsberger's declaration was substantially justified and was not the product of bad faith on Defendants' part. Moreover, there is no "incurable prejudice."

"A court reviewing a scheduling order violation should apply the *Pennypack* factors: (1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in the court, and (4) bad faith or willfulness in failing to comply with the district

court's order." *Id.* (internal quotations omitted), quoting *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 791 (3rd Cir. 1994) and *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 905 (3rd Cir. 1977). As explained in the remainder of this section, the foregoing factors militate strongly against striking Augsburger's Declaration.[1]

### 1. Plaintiff is Neither Prejudiced nor Surprised by the Content of Augsburger's Declaration

As explained above, Plaintiff is very much aware of who Dr. Aubsburger is, given that Plaintiff has attempted to use different editions of the Augsburger Chapter to impeach Dr. Banker. It is not credible that the content of Dr. Aubsburger's Declaration is surprising or substantially prejudicial to Plaintiff. This is not a case in which Defendants are changing direction or adding an entirely new theory with an unknown expert, or the like. Defendants are responding to Plaintiff's attempt to contrive admissions by Dr. Banker, using a book chapter that Dr. Augsburger authored. Further, through Dr. Augsburger's Declaration, Defendants are providing substantive answers to Plaintiff's deposition questions to Dr. Banker about Dr. Augsburger's knowledge and thoughts. The "prejudice and surprise" *Pennypack* factor does not militate in favor of striking the declaration.

### 2. A Deposition and Opportunity for Supplemental Briefing Would Cure Any Purported Prejudice

The ability to cure purported prejudice militates against striking Dr. Augsburger's declaration. The Court has not yet decided if there will be a *Markman* hearing. This is hardly an "eve of trial" situation. There is time, should the Court allow, for Plaintiff to take a deposition

---

[1]    Plaintiffs characterized *Pennypack* as not being on point in the context of claim construction experts and as being merely "instructive." However, *Pennypack* is the governing standard in the Third Circuit for the exclusion of evidence and this Court has previously applied the analysis in the context of purported Local Patent Rule violations. See *Shire LLC v. Amneal Pharms., LLC*, 2013 U.S. Dist. LEXIS 65311 (May 7, 2013). *Pennypack* provides the framework for the Court's analysis here.

and submit supplemental briefing, which would cure any alleged prejudice.  Defendant would not challenge Plaintiff should Plaintiff seek leave to engage in such supplemental discovery. Defendants would gladly arrange for a deposition of Dr. Augsburger at a mutually agreeable time and location.   Defendants would also have no problem with Plaintiff submitting a supplemental brief based on that deposition, provided that Defendants have an opportunity to submit a responsive brief.  There is clearly time available to do these things and if the Court allows it, any purported prejudice to Plaintiff would be nonexistent.

### 3.   Allowing Augsburger's Declaration to Stand Will Not Disrupt the Order of Trial

Where trial will not be disrupted due to belatedly disclosed evidence, striking such evidence is disfavored.  Trial in the present case is not yet scheduled.  Neither has a *Markman* hearing been scheduled (it is still an open question as to whether a *Markman* hearing will be held at all).  Given the early stage of these proceedings, permitting Augsburger's Declaration to remain in evidence will not disrupt the order of trial.  Thus, this *Pennypack* factor militates against striking Dr. Augsburger's Declaration.

### 4.   Defendants Did Not Act in Bad Faith

As discussed above, Dr. Augsburger's Declaration (and Defendants' responsive *Markman* brief) was unfortunately the first opportunity for Defendants to address Plaintiff's attempt to discredit Dr. Banker using different editions of Augsburger's Chapter.  Had Plaintiff provided compliant pre-*Markman* submissions, Defendants would have been on notice of this line of attack and could have addressed it earlier.  This was not, as Plaintiff tries to spin it, gamesmanship on Defendants' part.  Rather, it is Defendants' attempt to set the record straight in response to Plaintiff's previously unrevealed game of "gotcha!" with Dr. Banker and Dr.

If the Court allows Plaintiff to depose Dr. Augsburger and submit a supplemental brief relating to that deposition, any purported prejudice on Plaintiff's part would be nonexistent. Striking of evidence due to a scheduling order violation is an extreme sanction and is not warranted under these circumstances. Accordingly, Defendants respectfully ask the Court to deny Defendants' Motion.

Respectfully submitted,

Dated: June 22, 2015

/s/ SGuerriero
Salvatore Guerriero
CAESAR RIVISE, PC
1635 Market Street
12th Floor - Seven Penn Center
Philadelphia, PA  19103-2212
Tel: (215) 567-2010
Fax: (215) 751-1142
Email: (<sal@crbcp.com>)

Robert S. Silver (*Pro Hac Vice*)
James J. Kozuch (*Pro Hac Vice*)
CAESAR RIVISE PC
1635 Market Street
12th Floor - Seven Penn Center
Philadelphia, PA  19103-2212
Tel: (215) 567-2010

*Attorneys for Defendants*
*Camber Pharmaceuticals, Inc. and*
*InvaGen Pharmaceuticals, Inc.*

# EXHIBIT 2

Charles M. Lizza
William C. Baton
Sarah A. Sullivan
SAUL EWING LLP
One Riverfront Plaza, Suite 1520
Newark, NJ 07102-5426
(973) 286-6700

*Attorneys for Plaintiffs*
*Sumitomo Dainippon Pharma Co., Ltd.*
*and Sunovion Pharmaceuticals Inc.*

OF COUNSEL:

Joseph M. O'Malley, Jr.
Preston K. Ratliff II
Bruce M. Wexler
PAUL HASTINGS LLP
75 East 55th Street
New York, NY 10022
(212) 318-6000

*Attorneys for Plaintiffs*
*Sumitomo Dainippon Pharma Co., Ltd.*
*and Sunovion Pharmaceuticals Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| SUMITOMO DAINIPPON PHARMA CO., LTD. and SUNOVION PHARMACEUTICALS INC., <br><br>                 Plaintiffs, <br><br>      v. <br><br> EMCURE PHARMACEUTICALS LIMITED, et al., <br><br>                 Defendants. | Civil Action No. 15-280 (SRC) (CLW) <br> Civil Action No. 15-281 (SRC) (CLW) <br> Civil Action No. 15-6401 (SRC) (CLW) <br> (Consolidated) |

## SUNOVION'S IDENTIFICATION OF
## REBUTTAL CLAIM CONSTRUCTION EVIDENCE

that evidence.  Sunovion reserves the right to rely upon additional evidence, including in response to Defendants' designation of evidence opposing Sunovion's proposed construction.

### A.   Intrinsic Evidence

- The specification of the '372 patent, including, without limitation: 3:3-4:43, 4:44-53, 11:38-65, 12:31-13:9, 14:63-16:39, 27:35-40, 28:29-35, 30:30-32:23, Compound No. 206 in Table 7, and Examples 4, 6, 10, 12, 22, 23, 25, 27, 29, 31, 33, 35, 37, 39, 41, 43, 45, 47, 49, 51, 62, 64, 66, 67, 69, and 72;

- The prosecution history of the patent-in-suit, including, without limitation: LATUDA-00000676-82, LATUDA-00000688-92, and LATUDA-00000849-965; and

- The various claims of the '372 patent, including, without limitation: Claims 15 and 19.

### B.   Extrinsic Evidence

As stated above, Sunovion objects to introducing extrinsic evidence in this case because the intrinsic evidence and plain meaning of the proposed term for construction is sufficiently clear. Subject to this objection, Sunovion reserves the right to introduce the following extrinsic evidence and any other extrinsic evidence not listed here to respond to any such evidence Defendants may attempt to bring into this case:

- Emcure's Paragraph IV Notice Letter dated December 2, 2014;

- Emcure's Supplemental Paragraph IV Notice Letter dated June 16, 2015;

- Emcure's L. Pat. R. 3.3 and 3.6 contentions dated August 4, 2015;

- InvaGen's Paragraph IV Notice Letter dated December 5, 2014;

- InvaGen's Supplemental Paragraph IV Notice Letter dated June 18, 2015;

- InvaGen's L. Pat. R. 3.3 and 3.6 contentions dated July 28, 2015;

- Teva's Paragraph IV Notice Letter dated July 13, 2015; and

- Teva's L. Pat. R. 3.3 and 3.6 contentions dated February 3, 2016.

Sunovion reserves the right to call one or more experts to testify in rebuttal to any expert testimony Defendants may seek to introduce.  Sunovion reserves the right to rely upon any documents relied upon by any expert testifying on Sunovion's or Defendants' behalf in connection with the *Markman* proceeding in this action.

Dated:  April 20, 2016

By:   s/ Charles M. Lizza
Charles M. Lizza
William C. Baton
SAUL EWING LLP
One Riverfront Plaza, Suite 1520
Newark, NJ 07102-5426
(973) 286-6700
clizza@saul.com

*Of Counsel:*

Joseph M. O'Malley, Jr.
Preston K. Ratliff II
Bruce M. Wexler
PAUL HASTINGS LLP
75 East 55th Street
New York, NY 10022
(212) 318-6000

*Attorneys for Plaintiffs*
*Sumitomo Dainippon Pharma Co., Ltd.*
*and Sunovion Pharmaceuticals Inc.*

# EXHIBIT 3

**PATUNAS TARANTINO LLC**
Michael E. Patunas
Mayra V. Tarantino
24 Commerce Street, Suite 606
Newark, N.J. 07102
(973) 396-8740

*Of Counsel*:
**GOODWIN PROCTER LLP**
Ira J. Levy
Cynthia Lambert Hardman
Jonathan A. Auerbach
Linnea P. Cipriano
The New York Times Building
620 Eighth Avenue
New York, NY 10018
(212) 813-8800

*Attorneys for Defendants Teva Pharmaceuticals USA, Inc. and
Teva Pharmaceutical Industries Ltd.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SUMITOMO DAINIPPON PHARMA CO., LTD. and SUNOVION PHARMACEUTICALS INC., <br><br> *Plaintiffs*, <br><br> v. <br><br> TEVA PHARMACEUTICALS USA, INC. and TEVA PHARMACEUTICAL INDUSTRIES LTD., <br><br> *Defendants*. | Civil Action No. 15-280 (SRC)(CLW) <br><br> (Civil Action No. 15-6401 (SRC)(CLW) Consolidated) |

**DEFENDANTS TEVA PHARMACEUTICALS USA, INC. AND TEVA
PHARMACEUTICAL INDUSTRIES LTD.'S IDENTIFICATION OF SUPPORTING
INTRINSIC AND EXTRINSIC EVIDENCE THEY INTEND TO RELY UPON TO
<u>OPPOSE PLAINTIFFS' PROPOSED CONSTRUCTIONS</u>**

a.  Teva identifies the following intrinsic and extrinsic evidence that, in addition to the intrinsic or extrinsic evidence it previously disclosed in its Preliminary Proposed Claim Constructions Pursuant to Local Patent Rule 4.2(a)-(b) served on April 6, 2016, may be used to oppose Plaintiffs' proposed construction of "plain meaning – refers to lurasidone, lurasidone's enantiomer, as well as mixtures thereof":

i.  Expert opinions that, based on the cited intrinsic and extrinsic evidence, the level of ordinary skill in the art, the state of the relevant art, and the meaning of "the imide compound of the formula:

to a person of ordinary skill in the art at the time of filing date of the patent, Plaintiffs' proposed construction should not be adopted.

Teva may also rely on intrinsic and extrinsic evidence identified and produced by other defendants in litigations brought by Plaintiffs involving the '372 patent.

Dated: April 20, 2016

**PATUNAS TARANTINO LLC**

_s/Mayra V. Tarantino_
Michael E. Patunas
Mayra V. Tarantino
24 Commerce Street, Suite 606
Newark, NJ 07102
(973) 396-8740
mpatunas@patunaslaw.com
mtarantino@patunaslaw.com

_Of Counsel_:
**GOODWIN PROCTER LLP**
Ira J. Levy
Cynthia Lambert Hardman
Jonathan A. Auerbach
Linnea P. Cipriano
The New York Times Building
620 Eighth Avenue
New York, NY 10018
(212) 813-8800
ilevy@goodwinprocter.com
chardman@goodwinprocter.com
jauerbach@goodwinprocter.com
lcipriano@goodwinprocter.com

_Attorneys for Teva Pharmaceuticals USA Inc. and_
_Teva Pharmaceutical Industries Ltd._

# EXHIBIT 4

**DRAFT**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| SUMITOMO DAINIPPON PHARMA CO., LTD. and SUNOVION PHARMACEUTICALS INC., | Civil Action No. 15-280 (SRC) (CLW) <br> Civil Action No. 15-281 (SRC) (CLW) <br> Civil Action No. 15-6401 (SRC) (CLW) <br> (Consolidated) |
| Plaintiffs, | |
| v. | (Filed Electronically) |
| EMCURE PHARMACEUTICALS LIMITED, *et al*., | |
| Defendants. | |

## JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT

(d)    **Anticipated Length of Time Necessary for the Claim Construction Hearing**

The parties anticipate that the Court will be able to conduct a hearing on the construction of the identified claim term in approximately four hours.

(e)    **Identification of Witnesses for the Claim Construction Hearing**

Sunovion does not anticipate calling any witnesses at the Claim Construction hearing.  Further, Sunovion objects to any witness testimony proposed by Defendants as unnecessary because the intrinsic evidence and plain meaning of the proposed term for construction is sufficiently clear.

Defendants anticipate calling Dr. Stephen Baldwin and/or Craig W. Lindsley, Ph.D. as witnesses at the Claim Construction hearing to testify on the matters described in Exhibit A.

Dated:  May 4, 2016
By:
Michael E. Patunas
Mayra V. Tarantino
PATUNAS TARANTINO LLC
24 Commerce Street, Suite 606
Newark, N.J. 07102
(973) 396-8740
mpatunas@patunaslaw.com
mtarantino@patunaslaw.com

*Of Counsel:*

Ira J. Levy
Cynthia Lambert Hardman
Jonathan A. Auerbach
Linnea P. Cipriano
Goodwin Procter LLP

By:
Charles M. Lizza
William C. Baton
SAUL EWING LLP
One Riverfront Plaza, Suite 1520
Newark, NJ 07102-5426
(973) 286-6700
clizza@saul.com

*Of Counsel:*

Joseph M. O'Malley, Jr.
Preston K. Ratliff II
Bruce M. Wexler
PAUL HASTINGS LLP
200 Park Avenue
New York, NY 10166

# EXHIBIT 5

## Yakub, Imtiaz

| | |
|---|---|
| **From:** | DiSabatino, Dominick |
| **Sent:** | Monday, May 02, 2016 4:01 PM |
| **To:** | Hardman, Cynthia; 'Kistler, David C.'; Hu, Christopher K.; Lessler, Jay; Heble, Nikhil A.; Salvatore Guerriero; Robert S. Silver; Pei-Ru Wey; Levy, Ira J; Cipriano, Linnea P; Mayra Tarantino; Michael Patunas; Auerbach, Jonathan A |
| **Cc:** | Project LATUDA; 'Lizza, Charles M.'; 'Baton, William C.'; 'Sullivan, Sarah A.'; 'Moses, David L.'; Lucia, Jamie L.; Ratliff, Preston K. |
| **Subject:** | RE: Sunovion et al. v. Emcure et al., Civil Action No. 15-280 (consolidated action) |

Counsel,

Thank you for the meet and confer today.  Further to our discussion, please let us know if any of the Defendants disagree with Sunovion's proposed construction of the claim term "or an addition salt thereof."  If so, please let us have as soon as possible your proposed constructions for that claim term.  Further, please let us know as soon as practicable whether Defendants will use both Drs. Baldwin and Lindsley, or which one of them Defendants will use for claim construction.  Sunovion will use Dr. Stephen G. Davies, Professor of Organic Chemistry and Fellow of Magdalen College at the University of Oxford, as its witness for the disputed claim terms.  Finally, as discussed, we will send you revisions to the draft Joint Statement tomorrow.

Very truly yours,

Dominick

---

**From:** DiSabatino, Dominick
**Sent:** Friday, April 29, 2016 10:07 AM
**To:** 'Hardman, Cynthia'; 'Kistler, David C.'; Hu, Christopher K.; Lessler, Jay; Heble, Nikhil A.; Salvatore Guerriero; Robert S. Silver; Pei-Ru Wey; Levy, Ira J; Cipriano, Linnea P; Mayra Tarantino; Michael Patunas; Auerbach, Jonathan A
**Cc:** Project LATUDA; 'Lizza, Charles M.'; 'Baton, William C.'; 'Sullivan, Sarah A.'; 'Moses, David L.'; Lucia, Jamie L.; Ratliff, Preston K.
**Subject:** RE: Sunovion et al. v. Emcure et al., Civil Action No. 15-280 (consolidated action)

Counsel,

Please use the following dial-in information for our call on Monday at 3PM ET:

**Dial-in:** 1-800-308-2601
**Passcode:** 690076

Very truly yours,

Dominick

---

**From:** Hardman, Cynthia [mailto:CHardman@goodwinprocter.com]
**Sent:** Thursday, April 28, 2016 12:32 PM
**To:** DiSabatino, Dominick; 'Kistler, David C.'; Hu, Christopher K.; Lessler, Jay; Heble, Nikhil A.; Salvatore Guerriero; Robert S. Silver; Pei-Ru Wey; Levy, Ira J; Cipriano, Linnea P; Mayra Tarantino; Michael Patunas; Auerbach, Jonathan A

# EXHIBIT 6

**Yakub, Imtiaz**

| | |
|---|---|
| **From:** | Yakub, Imtiaz |
| **Sent:** | Wednesday, May 04, 2016 4:33 PM |
| **To:** | Auerbach, Jonathan A; Hardman, Cynthia; 'Kistler, David C.'; Hu, Christopher K.; Lessler, Jay; Heble, Nikhil A.; Salvatore Guerriero; Robert S. Silver; Pei-Ru Wey; Levy, Ira J; Cipriano, Linnea P; Mayra Tarantino; Michael Patunas; mjames@crbcp.com; LTerrebonne@crbcp.com |
| **Cc:** | Project LATUDA; 'Lizza, Charles M.'; 'Baton, William C.'; 'Sullivan, Sarah A.'; 'Moses, David L.'; Lucia, Jamie L.; Ratliff, Preston K.; DiSabatino, Dominick |
| **Subject:** | RE: Sunovion et al. v. Emcure et al., Civil Action No. 15-280 (consolidated action) |
| **Attachments:** | Attachment.docx; redline.pdf |

Counsel,

Sunovion disagrees with Defendants' allegations that Sunovion is in any way circumventing the requirements of the Local Patent Rules.  The parties' discussions and correspondence confirm that there is clearly a dispute concerning the plain and ordinary meaning of the term "or an acid addition salt."  We are therefore disappointed that Defendants refuse to offer a construction for this term.

With respect to Sunovion's reliance on Dr. Davies for claim construction in opposition to Defendants' expert, we are disappointed that Defendants will not tell us their concern.  For example, Defendants have refused to tell us how, if at all, they are harmed or prejudiced.  We remain willing to meet and confer regarding these issues.  Please let us know if Defendants are amenable to a meet and confer later this week.  In the meantime, attached is the proposed final version of the Joint Statement with a few revisions responsive to Defendants' statements.

Very truly yours,

Imtiaz

**From:** Auerbach, Jonathan A [mailto:JAuerbach@goodwinprocter.com]
**Sent:** Wednesday, May 04, 2016 1:16 PM
**To:** Yakub, Imtiaz; Hardman, Cynthia; 'Kistler, David C.'; Hu, Christopher K.; Lessler, Jay; Heble, Nikhil A.; Salvatore Guerriero; Robert S. Silver; Pei-Ru Wey; Levy, Ira J; Cipriano, Linnea P; Mayra Tarantino; Michael Patunas; mjames@crbcp.com; LTerrebonne@crbcp.com
**Cc:** Project LATUDA; 'Lizza, Charles M.'; 'Baton, William C.'; 'Sullivan, Sarah A.'; 'Moses, David L.'; Lucia, Jamie L.; Ratliff, Preston K.; DiSabatino, Dominick
**Subject:** RE: Sunovion et al. v. Emcure et al., Civil Action No. 15-280 (consolidated action)

Counsel,

Sunovion's L. Pat. R. 4.2(b) statement on page 4 states that it was proposing "Plain meaning" as the construction for "or an acid addition salt thereof." It does not include the additional text that appeared for the first time in Sunovion's April 26 draft of the L. Pat. R. 4.3 Joint Statements. Nor do those documents include the intrinsic and extrinsic evidence that Sunovion disclosed to Defendants for the first time yesterday. In short, Sunovion is plainly circumventing the requirements of the Local Patent Rules by asserting a construction of "plain meaning" and then belatedly inserting an "example" of plain meaning that is actually a construction. At this late stage, Defendants do not agree to engage in further back and forth regarding this issue, and the current draft of the L. Pat. R. 4.3 statement reflects Defendants' positions on the issue.

Defendants also do not agree to Sunovion's untimely disclosure of its reliance on expert testimony. As I stated in my email yesterday, L. Pat R. 4.2(b)-(c) requires that "[w]ith respect to all witnesses including experts, the identifying party shall [] provide a description of the substance of that witness' proposed testimony that includes a listing of any opinions to be rendered in connection with claim construction."

You have not provided any support for your position that the "progressive process" under the Local Patent Rules allows Sunovion to wait to see what evidence Defendants intend to rely on before disclosing whether it is also relying on expert testimony. Sunovion provided no description of any proposed expert testimony in its L. Pat. R. 4.2(b) disclosure and Sunovion's pro forma statement in its L. Pat. R. 4.2(c) disclosure that it reserved the right to rely on expert testimony to rebut Defendants' expert testimony does not satisfy the obligations of the Local Patent Rules. Accordingly, should Sunovion seek to offer an expert declaration with either its opening or responsive *Markman* briefs, Defendants intend to move the Court to strike those declarations.

If Sunovion has any authority that supports its argument that the Local Patent Rules provide for a "progressive process" to the disclosure of claim constructions and supporting evidence, Defendants will consider it.  Otherwise, Defendants submit that the parties have a genuine dispute as to the below issues and that a further meet/confer would be futile.  The parties should file the proposed statement along with a request for a conference with the Court to address the issues, subject to Defendants' review of the final submission before filing.

Best,
Jon

---

**From:** Yakub, Imtiaz [mailto:imtiazyakub@paulhastings.com]
**Sent:** Wednesday, May 04, 2016 12:36 PM
**To:** Auerbach, Jonathan A; Hardman, Cynthia; 'Kistler, David C.'; Hu, Christopher K.; Lessler, Jay; Heble, Nikhil A.; Salvatore Guerriero; Robert S. Silver; Pei-Ru Wey; Levy, Ira J; Cipriano, Linnea P; Mayra Tarantino; Michael Patunas
**Cc:** Project LATUDA; 'Lizza, Charles M.'; 'Baton, William C.'; 'Sullivan, Sarah A.'; 'Moses, David L.'; Lucia, Jamie L.; Ratliff, Preston K.; DiSabatino, Dominick
**Subject:** RE: Sunovion et al. v. Emcure et al., Civil Action No. 15-280 (consolidated action)

Counsel,

Sunovion does not agree to drop the second claim term from the joint statement.  The parties' discussions and correspondence confirm that the parties disagree over the plain and ordinary meaning of "or an acid addition salt thereof."  As you know, Sunovion included this term in its L. Pat. R. 4.2(b) statement (at page 4) and the April 26 and May 3 draft L. Pat. R. 4.3 Joint Statements that Sunovion sent to Defendants.  Please provide Defendants' explanation of how their definition of the plain and ordinary meaning of this term differs from Sunovion's and provide any supporting evidence.

Regarding Sunovion's reliance on Dr. Davies for claim construction, Sunovion disagrees that it has in any way violated the claim construction process of the Local Patent Rules.  The Local Patent Rules provide for a progressive process of disclosing extrinsic evidence that concludes with the submission of the Joint Statement.  In addition, Sunovion's 4.2(c) statement informed Defendants that to the extent it planned to rely on expert testimony, Sunovion would rely on such testimony to address the subject matter identified in Defendants 4.2(b) statements.

Please let us know Defendants' specific concern with Sunovion's reliance on expert testimony in opposition to Defendants' expert.  For example, if Defendants believe that they have been harmed or prejudiced in any way, we would welcome a meet and confer to address any such concerns and to discuss reasonable solutions.

Very truly yours,

Imtiaz

# EXHIBIT 7

STEVEN WORTH BALDWIN - 07/14/2016

```
 1   UNITED STATES DISTRICT COURT

 2   DISTRICT OF NEW JERSEY

 3   --------------------------------------X

 4   SUMITOMO DAINIPPON PHARMA CO., LTD.

 5   and SUNOVION PHARMACEUTICALS, INC.,

 6              Plaintiffs,

 7

 8              v.

 9

10   EMCURE PHARMACEUTICALS USA, INC.

11   and EMCURE PHARMACEUTICALS LTD.,

12              Defendants.

13   --------------------------------------X

14

15                    July 14, 2016

16                    9:02 a.m.

17

18   Videotaped Deposition of STEVEN WORTH BALDWIN,

19   pursuant to notice, at the offices of Blank

20   Rome LLP, 405 Lexington Avenue, New York, New

21   York, before Mark Richman, a Certified

22   Shorthand Reporter, Registered Professional

23   Reporter and Notary Public within and for the

24   State of New York.

25
```

STEVEN WORTH BALDWIN – 07/14/2016          Pages 2..5

Page 2

```
 1   A P P E A R A N C E S:
 2   PAUL HASTINGS LLP
 3   Attorneys for Plaintiffs
 4        200 Park Avenue
 5        New York, NY 10166
 6
 7   BY:    PRESTON K. RATLIFF II, ESQ.
 8          LEO C. DESESSO, ESQ.
 9          prestonratliff@paulhastings.com
10          leodesesso@paulhastings.com
11
12   BLANK ROME LLP
13   Attorneys for Defendants Emcure
14   Pharmaceuticals, Ltd. and Heritage Pharma Labs
15   Inc. (Formerly known as Emcure PHarmaceuticals
16   USA, Inc.)
17        The Chrysler Building
18        405 Lexington Avenue
19        New York, NY 10174-0208
20
21   BY:    CHRISTOPHER K. HU, ESQ.
22          chu@blankrome.com
23
24
25
```

Page 3

```
 1   A P P E A R A N C E S (Cont'd):
 2   BLANK ROME LLP
 3   Attorneys for Defendants Emcure
 4   Pharmaceuticals, Ltd. and Heritage Pharma Labs
 5   Inc. (Formerly known as Emcure PHarmaceuticals
 6   USA, Inc.)
 7        301 Carnegie Center, 3rd Floor
 8        Princeton, NJ 08540
 9
10   BY:    DAVID C. KISTLER, ESQ.
11          kistler@blankrome.com
12
13   CAESAR RIVISE, PC
14   Attorneys for Defendant InvaGen
15   Pharmaceuticals, Inc.
16        1635 Market Street, 12th Floor
17        Philadelphia, PA 19103-2212
18
19   BY:    SALVATORE GUERRIERO,* ESQ.
20          (Pro Hac Vice*)
21          sal@crbcp.com
22
23
24
25
```

Page 4

```
 1   A P P E A R A N C E S (Cont'd):
 2   GOODWIN PROCTER LLP
 3   Attorneys for Defendant Teva Pharmaceutical
 4        The New York Times Building
 5        620 Eighth Avenue
 6        New York, NY 10018
 7
 8   BY:    BRIAN J. PREW, ESQ.
 9          bprew@goodwinlaw.com
10
11   ALSO PRESENT:
12   MICHAEL P. McCRANE, Ph.D,
13   Paul Hastings
14   Michael Drenkalo, Videographer
15
16
17
18
19
20
21
22
23
24
25
```

Page 5

```
 1            E X H I B I T S
 2   DESCRIPTION                          PAGE    LINE
     (Whereupon Baldwin Exhibit 1         13      21
 3   was marked for
     identification, curriculum
 4   vitae of Steven Worth
     Baldwin, Ph.D.)
 5   (Whereupon Baldwin Exhibit 2         34       8
     was marked for
 6   identification, handwritten
     drawing of the witness.)
 7   (Whereupon Baldwin Exhibit 3         41       8
     was marked for
 8   identification, copy of U.S.
     Patent Number 5,532,372.)
 9   (Whereupon Baldwin Exhibit 4         74      10
     was marked for
10   identification, Declaration
     of Steven Worth Baldwin,
11   PH.D.)
     (Whereupon Baldwin Exhibit 5        82      24
12   was marked for
     identification, Bates stamp
13   LATUDA-00000849 through
     852.)
14   (Whereupon Baldwin Exhibit 6        84      13
     was marked for
15   identification, Bates stamp
     LATUDA-00000970 through
16   972.)
     (Whereupon Baldwin Exhibit 7       106      14
17   was marked for
     identification, letter on
18   letterhead of Florek &
     Endres PLLC, paragraph 4
19   notice letter.)
     (Whereupon Baldwin Exhibit 8       132      10
20   was marked for
     identification, paragraph 4
21   certification notice letter
     provided to plaintiffs by
22   Teva.)
     (Whereupon Baldwin Exhibit 9       177      17
23   was marked for
     identification, single page
24   containing structure.)
25
```

STEVEN WORTH BALDWIN - 07/14/2016          Pages 6..9

Page 6

```
 1  (Whereupon Baldwin Exhibit       180     24
    10 was marked for
 2  identification, document
    depicting a structure.)
 3  (Whereupon Baldwin Exhibit       183      3
    11 was marked for
 4  identification, copy of U.S.
    Patent 4,681,893.)
 5  (Whereupon Baldwin Exhibit       241      7
    12 was marked for
 6  identification, copy of the
    declaration of Dr. Steven G.
 7  Davies.)
    (Whereupon Baldwin Exhibit       250      3
 8  13 was marked for
    identification, Opening
 9  brief in support of the
    plaintiff's claim
10  construction in this
    litigation.)
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

Page 8

```
 1          STEVEN WORTH BALDWIN
 2  Sunovion.
 3          MR. HU:  Chris Hu and David
 4  Kistler, from Blank Rome, for Emcure.
 5          MR. PREW:  Brian Prew from
 6  Goodwin Procter on behalf of Teva.
 7          MR. GUERRIERO:  Salvatore
 8  Guerriero of Caesar Rivise on behalf
 9  of defendant InvaGen Pharmaceuticals
10  Inc.
11          THE VIDEOGRAPHER:  Our court
12  reporter today is Mark Richman of DTI
13  who will now swear in the witness.
14          STEVEN WORTH BALDWIN, Having
15  been called as a witness, having
16  been first duly sworn by the Notary
17  Public (Mark Richman), was examined
18  and testified as follows:
19  EXAMINATION BY MR. RATLIFF:
20      Q.    Good morning, sir.
21      A.    Good morning.
22      Q.    Please state your full name
23  for the record.
24      A.    Steven Worth Baldwin.
25      Q.    Please state your residence
```

Page 7

```
 1          STEVEN WORTH BALDWIN
 2          THE VIDEOGRAPHER:  Now recording
 3  and on the record.  My name is Michael
 4  Drenkalo, certified legal video
 5  specialist for DTI.  Today's date is
 6  July 14, 2016, time is 9:02 a.m.
 7          We are at the offices of Blank
 8  Rome LLP, 405 Lexington Avenue, New
 9  York, New York to take the video
10  deposition of Professor Steven Baldwin
11  in the matter of Sumitomo Dainippon
12  Pharma Co. Ltd. And Sunovion
13  Pharmaceuticals Inc. versus Emcure
14  Pharmaceuticals USA, Inc. and Emcure
15  Pharmaceuticals Ltd., United States
16  District Court District of New Jersey.
17          If counsel will please introduce
18  themselves for the record.
19          MR. RATLIFF:  Preston Ratliff,
20  with the Paul Hastings law firm in New
21  York, on behalf of the plaintiffs, and
22  here with me today are Leo DeSesso and
23  Mike McCrane, also with the Paul
24  Hastings law firm.  And also here with
25  me today is Michelle Flores from
```

Page 9

```
 1          STEVEN WORTH BALDWIN
 2  address for the record.
 3      A.    5209 Piney Hollow Court,
 4  Durham, North Carolina.
 5      Q.    How are you feeling today?
 6      A.    Fine.
 7      Q.    Is there any reason you cannot
 8  give truthful and accurate testimony
 9  today?
10      A.    No, there's no reason.
11      Q.    And you've had your deposition
12  taken before, correct?
13      A.    Yes, I have.
14      Q.    You've had it taken many times
15  before, correct?
16      A.    Yeah, many is a relative word,
17  but something over between 20 and 30
18  would be my best guess over a 20-year
19  period.
20      Q.    You consider that many,
21  correct?
22      A.    Yeah, that's fine.
23      Q.    Now, one of your professional
24  activities is being a scientific
25  consultant for several major intellectual
```

STEVEN WORTH BALDWIN - 07/14/2016    Pages 238..241

Page 238

STEVEN WORTH BALDWIN

1
2    A.    No, none.
3    Q.    Now if you could turn your
4    attention to your declaration, which I
5    believe you have in front of you, and in
6    particular looking at paragraph 43.  Do
7    you have that, sir?
8    A.    Yes, I do.
9    Q.    And in paragraph 30 -- strike
10   that.  In paragraph 43 you state that
11   defendants proposed construction of the
12   claim term, the imide compound of the
13   formula, and you have a structure
14   depicted at the top of 17 is consistent
15   with how a person of ordinary skill would
16   construe the phrase in the context of the
17   '372 patent, and its file history?
18   A.    Yes.
19   Q.    And I notice when you make
20   that statement you leave out the
21   extrinsic sources that you relied upon in
22   your declaration, correct?
23   A.    I'm not sure, what do you mean
24   that I left --
25   Q.    Sure, sure.  So when we look

Page 239

STEVEN WORTH BALDWIN

1
2    at paragraph 43, the last sentence, you
3    say based upon your personal knowledge,
4    education and experience, that a person
5    of ordinary skill in the art would
6    construe the phrase consistent with the
7    defendants' proposed construction in the
8    context of the '372 patent, and its file
9    history?
10   A.    Yes.
11   Q.    And I just want to be sure
12   we're clear.  When you render the opinion
13   that defendants' proposed construction is
14   consistent with yours, are you relying
15   upon the extrinsic sources that you cite
16   in your report, or not?
17   A.    Yes, they're consistent.  Yes,
18   it's a consistent picture.
19   Q.    So you are in fact --
20   A.    Yes.
21   Q.    -- relying upon --
22   A.    Yes.
23   Q.    -- extrinsic sources?
24   A.    Yes.
25   Q.    Do you agree that you cite

Page 240

STEVEN WORTH BALDWIN

1
2    more extrinsic sources in support of your
3    proposed construction than -- strike
4    that.
5    Do you agree that you cite
6    more extrinsic sources --
7    MR. HU:  Objection.
8    Q.    -- for your proposed
9    construction -- is
10   MR. HU:  Objection to form.
11   Q.    -- as opposed to intrinsic
12   sources?
13   A.    Yes, there's a limited number
14   of intrinsic sources so I do, yes.
15   Q.    And is it correct that the
16   only claim term that you plan to render
17   opinion with respect to is provided in
18   paragraph 43 of your declaration?
19   A.    In 43, yes, that's the only
20   one I was asked to consider, yes.
21   Q.    Okay.  And that's the only one
22   you expect to provide testimony to the
23   court regarding, correct?
24   A.    I haven't heard -- I haven't
25   been asked to consider any other claim

Page 241

STEVEN WORTH BALDWIN

1
2    terms so I would assume so.  I don't know
3    if anything will happen after this, but.
4    MR. RATLIFF:  I'd like the
5    court to mark as Baldwin Exhibit
6    Number 12 a multipage document.
7    (Whereupon Baldwin Exhibit 12
8    was marked for identification, copy
9    of the declaration of Dr. Steven G.
10   Davies.)
11   Q.    Professor Baldwin, the court
12   reporter has just handed you Baldwin
13   Exhibit Number 12 which is a copy of the
14   declaration of Dr. Steven G. Davies.
15   A.    Yes.
16   Q.    Can you please just take a
17   look at this and let me know if you've
18   seen Dr. Davies' declaration before?
19   A.    Yes, I have.
20   Q.    When did you see it?
21   A.    Well, not long after I
22   submitted my declaration so I don't know
23   the exact date but it's within the last
24   month is probably when I saw it.
25   Q.    Okay.  And are you planning to

STEVEN WORTH BALDWIN - 07/14/2016    Pages 242..245

Page 242

STEVEN WORTH BALDWIN

1    STEVEN WORTH BALDWIN
2    provide any formal response to Dr.
3    Davies' declaration in the form of a
4    rebuttal declaration?
5        A.    I'm not aware of any plans to
6    do that, no.
7        Q.    Okay.   When you -- did you
8    examine Dr. Davies' declaration
9    carefully?
10       A.    Yes, I read it quite
11   carefully, yes.
12       Q.    When you read Dr. Davies'
13   declaration, did you find any aspects of
14   it in which you have disagreement?
15       A.    I mean, you know, his, his
16   conclusion is, is that Claim 14 covers
17   racemic mixtures, individual enantiomers
18   and basically any mixture thereof.  And,
19   you know, I don't agree with that.  So I
20   mean without going through it again, I
21   mean it's been a while since I read it, I
22   can't, I can't, you know, I don't want to
23   say there's no other place I disagree,
24   but that's his bottom line which is
25   clearly not consistent with my bottom

Page 243

STEVEN WORTH BALDWIN

1    STEVEN WORTH BALDWIN
2    line, so.
3        Q.    Okay.   And so you have the
4    declaration in front of you.  Can you
5    point me to other places that you have a
6    disagreement with Dr. Davies' opinions?
7        A.    Just give me a sec here.
8        Q.    Sure.
9        A.    I mean I, you know, it's hard,
10   but that's certainly the big one where we
11   disagree on, you know, the reason that
12   we're here.  You know in his paragraph
13   44, for instance, he says that he doesn't
14   believe that the cited, that the provided
15   references provide any information that
16   would impact a person of ordinary skills
17   understanding of Claim 14.
18            And I would say that if, you
19   know, the person of ordinary skill was
20   looking at a particular structure and
21   saying that it was an enantiomer, he
22   would find those, most, many of those
23   references being consistent with that
24   structure.  But I, I don't know what else
25   to say here.  I mean do you have a

Page 244

STEVEN WORTH BALDWIN

1    STEVEN WORTH BALDWIN
2    particular place that you'd like to, like
3    me to --
4        Q.    In your last opinion that you
5    just provided me, or last response, are
6    you familiar with the references cited by
7    the defendants in exhibit E -- sorry,
8    strike that.  Are you familiar with the
9    references cited by the defendants in
10   exhibit A of the joint claim construction
11   and prehearing statement?
12       A.    Oh, wait a minute, I may have
13   mis- -- yeah, I may have misspoken.  I
14   don't know actually.  I don't know that I
15   am, to tell you the truth.  I just --
16   it's getting late.
17       Q.    Okay.   And as you were
18   responding to my question previously, you
19   were thinking about the extrinsic sources
20   that were cited in your declaration?
21       A.    Yes, and of course he hadn't
22   seen my declaration, so that's right.
23       Q.    Right.   And we've already
24   established that some of the extrinsic
25   sources that you cite in your declaration

Page 245

STEVEN WORTH BALDWIN

1    STEVEN WORTH BALDWIN
2    hadn't even existed as of the time of
3    July 5, 1991 for the person of ordinary
4    skill in the art?
5        A.    That's correct.
6        Q.    To even review?
7        A.    That's correct.
8        Q.    So I don't know, I don't have
9    anything specific.  But, you know, I have
10   the opportunity to ask you questions here
11   today and so if you do have any other
12   disagreements with Dr. Davies opinions, I
13   kindly ask for you to let me know.  And
14   we can go through it, you know, paragraph
15   by paragraph if you want.  This is just,
16   this is just the opportunity that I have
17   and I have to ask.
18       A.    No, I mean the big deal is, is
19   that, you know, we disagree on what Claim
20   14 says.  So I disagree with his
21   interpretation.  I'm sure he disagrees
22   with my interpretation.  But, you know, I
23   don't see anything -- lurasidone.  I mean
24   a lot of this is, you know, is
25   descriptive and I off the top, just

STEVEN WORTH BALDWIN - 07/14/2016    Pages 246..249

Page 246

STEVEN WORTH BALDWIN

1    looking at this right now, I don't have
2    any additional disagreements with him
3    that I can see.  It doesn't mean that
4    they aren't there.  I just don't see
5    them.  I'm not holding anything back.
6
7        Q.    Okay.
8        A.    Okay.
9        Q.    And that's fair.  I just have
10   to ask the question because we can't be
11   in a situation where you show up at court
12   and you say, ah-ha, paragraph 55.
13       A.    Gotcha.
14       Q.    Right, that's all.  Maybe if
15   there's nothing that jumps out to you --
16       A.    Yeah.
17       Q.    -- when you read it or sitting
18   here today, if that's the case just let
19   me know?
20       A.    There's nothing right now
21   that, that I see.  Now of course I've
22   made notes on it and things like that
23   which I don't have here.
24       Q.    Okay.
25       A.    And, you know, that could

Page 247

STEVEN WORTH BALDWIN

1    refresh my memory.  But I don't see any
2    going through here.  I'm not trying to be
3    cute or coy.  I simply don't see anything
4    other than the major disagreement that we
5    have.
6
7        Q.    The big picture?
8        A.    That's correct.
9        Q.    The ultimate interpretation of
10   the claim?
11       A.    That's correct.
12       Q.    And when you first reviewed
13   Dr. Davies' declaration and then you made
14   your notes, did -- was there something
15   that, anything that stuck out in your
16   mind as, ah-ha, this is a big
17   disagreement or was it really just
18   ultimate disagreement as to what the
19   proper interpretation of the claim was?
20       A.    It's, you know, it's the
21   latter.  His declaration to a large
22   extent is descriptive and basically
23   describes what's in the patent and then
24   comes to a conclusion.
25       Q.    Okay.

Page 248

STEVEN WORTH BALDWIN

1
2        A.    And I disagree with his
3    conclusion.
4        Q.    Okay.
5        A.    Okay?
6        Q.    Okay.  And did you make a lot
7    of notes?
8        A.    No, these are more like put
9    lines next to something to remind me to
10   read that again, you know, at some point
11   or I thought this was interesting.  I
12   didn't make, you know, handwritten.  I
13   didn't write words.
14       Q.    You didn't write he's wrong,
15   how could he possibly do that, say that?
16       A.    For the following reason, no,
17   I didn't.
18       Q.    Okay, fair enough.  Just want
19   to be sure.
20             Do you know of Dr. Davies?
21       A.    I'm aware, yes, I'm aware of
22   Dr. Davies.  I've heard, I've heard of
23   him.  I have just, you know, just
24   scientific reputation.
25       Q.    And have you met Dr. Davies?

Page 249

STEVEN WORTH BALDWIN

1
2        A.    I don't believe so.  It's
3    possible at some conferences or something
4    like that, but I don't recall, you know,
5    having met him.
6        Q.    And when you say that you're
7    aware of Dr. Davies by scientific
8    reputation, what do you mean?
9        A.    Well we publish, you know,
10   similar work, synthetic organic
11   chemistry.  We make single enantiomers,
12   et cetera.  So I've read some of his
13   papers.  You know, just, just -- he's a,
14   you know, he's a member of the community
15   that I, that I move in and so it's
16   reasonable that, and Oxford is a
17   reputable place and I have other, I've
18   had other friends.  I had a postdoc at
19   Oxford recently, so.
20       Q.    Would you say that Dr. Davies
21   has a good reputation in the field?
22       A.    Yes.  Oh, yes.
23       MR. RATLIFF:  I'd like the
24   court reporter to mark a multipage
25   document as Baldwin Exhibit Number