# PATUNAS LAW LLC

Michael E. Patunas
mpatunas@patunaslaw.com

December 19, 2016

**VIA ECF**
Honorable Cathy L. Waldor, U.S.M.J.
United States District Court
Martin Luther King Jr. Federal Building & U.S. Courthouse
50 Walnut Street Room
Newark, NJ 07101

**Re:** *Sumitomo Dainippon Pharma Co. Ltd., et al. v. Emcure Pharms. Inc., et al.*,
**Civil Action No. 15-280 (SRC)(CLW)(consolidated)**

Dear Judge Waldor:

This firm, together with Goodwin Procter LLP, represents Defendants Teva Pharmaceuticals USA, Inc. and Teva Pharmaceutical Industries, Ltd. (collectively, "Teva"), in the above litigation. We write in response to the motion to compel a detailed "narrative describing the review process used by Teva, if any, to avoid production of privileged information as well as an explanation of how the documents came to be inadvertently produced notwithstanding any such review process" ("the narrative") filed by Plaintiffs Sumitomo Dainippon Pharma Co., Ltd. and Sunovion Pharmaceuticals Inc. (collectively, "Sunovion") on December 7, 2016 ("Sunovion's Motion").[1] Sunovion's Motion should be denied for two reasons. First, it is premature because Sunovion has not satisfied its obligation to meet and confer with Teva in a good faith effort to resolve the issues raised in Sunovion's Motion. Second, Teva has met its obligations under the terms of the parties' Stipulated Discovery Confidentiality Order ("DCO"), and Teva has no obligation to produce the narrative that Sunovion now demands.[2] Teva has already produced a privilege log from which the other information requested in Sunovion's Motion can be ascertained.

As an initial matter, Sunovion's recitation of the facts leading to its Motion is inaccurate. To date, Teva has produced more than 15,900 documents, covering more than 110,000 pages of material. On October 21, 2016, Teva notified Sunovion that under Paragraph 30 of the DCO, Teva was clawing back 52 documents (totaling 145 pages) in their entirety and 156 documents (totaling about 7,800 pages) that were to be redacted and reproduced.[3] On October 27, Teva reproduced those 156 documents, with

---

[1] Civ. No. 15-cv-280, ECF No. 110
[2] ECF No. 49 at ¶ 30.
[3] ECF No. 110 at Ex. 1, October 21, 2016 letter from Teva's counsel to Sunovion's counsel.

# PATUNAS LAW LLC

Hon. Cathy L. Waldor, U.S.M.J
December 19, 2016
P a g e | 2

minimal redactions.[4]  For example, 123 of these 156 documents (totaling 7,470 pages) were reproduced with only one sentence redacted in each document.  This clawback affected 208 documents in total—a small percentage of the total that Teva has produced to date.

On November 3, 2016, Sunovion requested that Teva provide "(1) a description of the contents of each document that Teva attempts to clawback; (2) the specific basis for each assertion of attorney work product and/or attorney-client privilege; and (3) a narrative describing the review process used by Teva, if any, to avoid production of privileged information as well as an explanation of how the documents came to be inadvertently produced notwithstanding any such review process."[5]  Sunovion's letter did not cite to any support in the DCO, the Federal Rules, or the case law for such a request.

On November 8, Teva requested support for Sunovion's position that the DCO requires a "narrative describing the review process used by Teva" and informed Sunovion that Teva was willing to discuss a date for the mutual exchange of privilege logs for the entire productions (which covers items 1 and 2 of Sunovion's request).[6]  Teva reiterated this position on November 9.[7]  On November 11, Teva participated in a meet and confer with Sunovion, despite Teva's position that the meet and confer was premature because Sunovion had not articulated a basis for the requested narrative or responded to the proposal for the mutual exchange of privilege logs.[8]  During that meet and confer, Plaintiffs were unable or unwilling to point to any requirement in the DCO or case law stating that a producing party must provide a narrative of the review process after completion of a clawback.  The call ended with Teva suggesting that it would consider producing a privilege log for the clawed-back documents, and would get back to Sunovion about whether it was willing to do so.

On November 23, Teva offered to produce a privilege log for the clawed-back documents by December 2, 2016 if Sunovion would agree that all parties would exchange privilege logs for their entire productions by January 6, 2017 (approximately one month before the close of fact discovery in this case).[9]  When Sunovion failed to respond to Teva's proposal, Teva reiterated the proposal on December 1, the day before Teva proposed to provide a privilege log for the clawed-back documents.[10]  Sunovion did not respond until December 7 at 7:17 pm, stating that it could not agree to the proposal, and unilaterally declaring an impasse.[11]  Minutes later (7:29 pm), Sunovion filed its Motion to Compel.[12]

---

[4] Ex. 1, October 27, 2016 email from Gail D. Rosner to Sunovion's counsel (producing replacement documents).
[5] ECF No. 110 at Ex. 2, November 3, 2016 letter from Sunovion's counsel to Teva's counsel.
[6] Ex. 2, November 8, 2016 letter from Teva's counsel to Sunovion's counsel.
[7] Ex. 3 at November 9, 2016 email from Brian J. Prew (counsel for Teva) to Sunovion's counsel.
[8] *Id*. at November 10, 2016 email from Brian J. Prew (counsel for Teva) to Sunovion's counsel.
[9] Ex. 4, November 23, 2016 email from Brian J. Prew (counsel for Teva) to Sunovion's counsel.
[10] Ex. 5 at December 1, 2016 email from Brian J. Prew (counsel for Teva) to Sunovion's counsel.
[11] *Id.* at December 7, 2016 email from Mark Sperling (counsel for Sunovion) to Teva's counsel.
[12] ECF No. 110.

PATUNAS LAW LLC

Hon. Cathy L. Waldor, U.S.M.J
December 19, 2016
P a g e | 3

  Sunovion's Motion should be denied as premature because the parties had no meaningful meet and confer regarding Teva's proposal to produce the privilege logs Sunovion requested, and because Sunovion never provided Teva with a basis for its demand for the narrative prior to the filing of Sunovion's Motion.  Regardless, out of good faith, Teva produced privilege logs for the clawed-back documents on December 19, 2016, thereby mooting Sunovion's motion with respect to:  "(1) a description of the contents of each document that Teva attempts to clawback" and "(2) the specific basis for each assertion of attorney work product and/or attorney-client privilege."[13]  Sunovion should be ordered to review these logs and resume the meet and confer process with Teva it if intends to make a motion to compel production of the returned information.

  Further, Sunovion's request for a narrative of the review process should be denied.  The DCO, which the parties agreed to in this action, simply does not require a producing party to provide a "narrative" of the review process in order to claw back documents.  Sunovion cites *Peterson v. Bernardi*, 262 F.R.D. 424 (D.N.J. 2009) in support of its demand for a narrative of Teva's document review.[14]  However, in *Peterson*, the plaintiff moved to compel the return of inadvertently produced documents.  *See Peterson*, 262 F.R.D. at 426-27.  Because Sunovion has not alleged that Teva waived privilege, *Peterson* is inapposite.  Moreover, because there was no stipulated confidentiality order in *Peterson*, the Court looked to the inadvertence standard of Fed. R. Evid. 502(b) to determine if there had been a waiver of privilege.  *See id*.  Here, however, because the parties expressly contracted to the clawback provisions in the DCO, Fed. R. Evid. 502(b) is inapplicable.  *See Zivali v. AT&T Mobility LLC*, No. 08-10310, 2010 WL 5065963, at *1 (S.D.N.Y. Dec. 6, 2010) ("[T]he issue of production in this case is governed, not by Rule 502 but by the applicable provisions of the Court's April 14, 2009 Protective Order, to which the parties consensually agreed, which gives the defendants the right to claw back at any time, without waiver, any and all privileged or otherwise protected documents that they inadvertently produced."); *see also BNP Paribas Mortg. Corp. v. Bank of Am.*, Nos. 09-9783, -9784, 2013 WL 2322678, at *12 (S.D.N.Y. May 21, 2013) (holding that production and clawback issues were governed by the protective order); *Alcon Mfg. v. Apotex Inc*., No. 1:06-1642, 2008 WL 5070465, at *6 (S.D. Ind. Nov. 26, 2008) (explaining that the "primary purpose" of clawback provisions in protective orders is "to address the 'widespread complaint that litigation costs necessary to protect against waiver of attorney-client privilege or work product have become prohibitive due to the concern that any disclosure (however innocent or minimal) will operate as a subject matter waiver of all protected communications or information' which is 'especially troubling in electronic discovery.'" (quoting Fed. R. Evid. 502 advisory committee's note)); Fed. R. Civ. P. 26(f) advisory committee's note to 2006 Amendment ("On other occasions, parties enter agreements—sometimes called 'clawback agreements'—that production without intent to waive privilege or protection should not be a waiver so long as the responding party identifies the documents mistakenly produced . . . In most circumstances, a party who receives information under such an arrangement cannot assert that the production of the information waived a claim of privilege . . . .").

---

[13] *Id*. at 2.

[14] *See id*.

## PATUNAS LAW LLC

Hon. Cathy L. Waldor, U.S.M.J
December 19, 2016
P a g e | **4**

In the stipulated DCO the parties more broadly contracted to allow for the clawback of privileged documents without waiver of privilege for productions that were "inadvertent or mistaken."[15] Paragraph 30 of the DCO states as follows:

> ***If a producing party inadvertently or mistakenly produces information,*** documents or tangible items in this Action that should have been withheld subject to a claim of attorney-client privilege or work product immunity, ***such production shall not prejudice such claim or otherwise constitute a waiver of any attorney-client privilege or work product immunity for such information, provided that the producing party promptly makes a good-faith representation that such production was inadvertent or mistaken and takes prompt remedial action to withdraw the disclosure.*** Within ten (10) business days of receiving a written request to do so from the producing party, the receiving party shall return to the producing party any documents or tangible items that the producing party represents are covered by a claim of attorney-client or work product immunity and were inadvertently or mistakenly produced. The receiving party shall also destroy all copies or summaries of, or notes relating to, any such inadvertently or mistakenly produced information; provided, however, that this DCO shall not preclude the party returning such information from making a motion to compel production of the returned information. The producing party shall retain copies of all returned documents and tangible items for further deposition.[16]

In accordance with the DCO, Teva promptly made a good-faith representation to Sunovion that the original production of the clawed-back documents was inadvertent or mistaken on October 21, 2016 and reiterated this good-faith representation on November 8, 2016.[17] *See Alcon Mfg*, 2008 WL 5070465, at *4 (finding that a producing party made a "good-faith representation that [a] production was inadvertent or mistaken" where the producing party informed the receiving party that a production was inadvertent verbally and in a letter). The DCO makes clear that if a "producing party promptly makes a good-faith representation that [a] production was inadvertent or mistaken and takes prompt remedial action to withdraw the disclosure," then such production "***shall not . . . constitute a waiver of any attorney-client privilege or work product immunity for such information***."[18] Because Teva complied with Paragraph 30 of the DCO, Teva has not waived privilege as to the clawed-back documents, and there is no basis for a motion to compel a narrative of the review procedure. *See Alcon Mfg*, 2008 WL 5070465, at *6.

---

[15] ECF No. 49 at ¶ 30.
[16] *Id*. (emphasis added).
[17] ECF No. 110 at Ex. 1; Ex. 2, November 8, 2016 letter from Teva's counsel to Sunovion's counsel.
[18] ECF No. 49 at ¶ 30 (emphasis added).

# PATUNAS LAW LLC

Hon. Cathy L. Waldor, U.S.M.J
December 19, 2016
P a g e | **5**

  As Teva has fully complied with the agreed upon language of the DCO in this case, Sunovion's motion should be denied. Furthermore, as Teva has provided its privilege logs for the clawed-back documents, Sunovion should be ordered to review the privilege logs and resume the meet and confer process with Teva it if intends to challenge the privilege of any of the clawed-back documents.

  We appreciate the Court's attention to this matter and we are available to your Honor or your Honor's staff should anything further be required.

           Respectfully,

           */s/ Michael E. Patunas*

           Michael E. Patunas

cc: All Counsel (via ECF and email)