# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| SUMITOMO DAINIPPON PHARMA CO., LTD. et al., | : : : : : : : : : : : : : | Civil Action No. 15-280 (SRC) |
| Plaintiffs, | | |
| v. | | **OPINION & ORDER** |
| EMCURE PHARMACEUTICALS LIMITED et al., | | |
| Defendants. | | |

**<u>CHESLER, U.S.D.J.</u>**

  This matter comes before the Court on the motion for modification of final judgment by Defendants Emcure Pharmaceuticals Limited and Heritage Pharma Labs Inc. (collectively, "Emcure.") For the reasons stated below, the motion will be denied.

  In a very short moving brief, Emcure asks this Court to modify the final judgment entered February 14, 2017. Emcure explains that the final judgment "give[s] certain rights to plaintiffs to which they are not legally entitled." (Emcure Br. 2.) The brief has a "legal standard" section, which refers to the part of Federal Rule of Civil Procedure 60(b)(1) which authorizes the Court to give relief from a final judgment on the grounds of mistake or inadvertence. The brief, however, offers no explanation of what mistake was made, by whom, or how it happened. Nor does the brief provide any other basis for a grant of relief under Rule 60(b). For this reason alone, the motion must be denied.

  Furthermore, Emcure ignores the true circumstances of the final judgment: it was a consent judgment submitted to this Court by the parties, which this Court approved and Ordered

by signing. The document filed by the parties bears the electronic signature of all counsel who agreed to it, including counsel for Emcure. So, if a mistake was made, who made it? Emcure does not explain in its moving brief. In its reply brief, Emcure states – in a single sentence – that it made a mistake when it agreed to the proposed consent judgment. The reply brief says nothing more about how this mistake occurred, who made it, or what the mistake actually was. Plaintiff has provided no basis for this Court to find that a mistake was made. The Court therefore cannot consider the question of whether modification pursuant to Rule 60(b) is proper.

This Court thus need not reach Plaintiff's opposition, but it has some good arguments worth noting. First, Plaintiff cites the Third Circuit's decision in United States Steel:

> We also recognize that while consent decrees are judicial acts, they have many of the attributes of contracts voluntarily undertaken. And when, as in this case, the appellants made a free, calculated and deliberate choice to submit to an agreed upon decree rather than seek a more favorable litigated judgment, their burden under Rule 60(b) is perhaps even more formidable than had they litigated and lost. Although the court has the power to modify a consent decree, a party seeking Rule 60(b) relief bears a heavy burden of showing circumstances so changed that "dangers, once substantial, have become attenuated to a shadow."

United States Steel Corp. v. Fraternal Asso. of Steel Haulers, 601 F.2d 1269, 1274 (3d Cir. 1979) (citations omitted). United States Steel thus sets forth a standard for Rule 60(b) modification of a consent judgment that Emcure has failed to recognize, much less satisfy.

Second, Plaintiff points to the fact that the Federal Circuit has clearly stated its agreement with the Third Circuit on these issues:

> When litigation is ended by the deliberate choice of the parties, a movant's burden for modification of a consent order is particularly heavy, *United States Steel Corp. v. Fraternal Association of Steel Haulers*, 601 F.2d 1269, 1274 (3d Cir. 1979), for "while consent decrees are judicial acts, they have often been recognized as having many of the attributes of a contract voluntarily undertaken." *Philadelphia Welfare Rights Organization v. Shapp*, 602 F.2d 1114, 1119-20 (3d Cir. 1979), *cert. denied*, 444 U.S. 1026 (1980). As the Third Circuit remarked,

2

when parties have chosen to submit to a consent decree instead of seeking a more favorable judgment upon litigation, "their burden under Rule 60(b) is perhaps even more formidable than had they litigated and lost." *Id.* at 1120.

W. L. Gore & Assocs. v. C.R. Bard, 977 F.2d 558, 561 (Fed. Cir. 1992).

Emcure has failed to demonstrate its entitlement to a modification of the final judgment pursuant to Rule 60(b). The motion to modify the final judgment will be denied.

For these reasons,

**IT IS** on this 22nd day of March, 2018

**ORDERED** that Emcure's motion for modification of final judgment (Docket Entry No. 156) is **DENIED**.

                                          s/ Stanley R. Chesler
                                          Stanley R. Chesler, U.S.D.J.