PATUNAS LAW LLC
Michael E. Patunas
24 Commerce Street, Suite 606
Newark, NJ 07102
(973) 396-8740

*Of Counsel:*
GOODWIN PROCTER LLP
Ira J. Levy
Cynthia Lambert Hardman
Linnea P. Cipriano
The New York Times Building
620 Eighth Avenue
New York, NY 10018
(212) 813-8800

*Attorneys for Defendant Teva Pharmaceuticals USA, Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| SUMITOMO DAINIPPON PHARMA CO., LTD. and SUNOVION PHARMACEUTICALS INC., <br><br> Plaintiffs, <br><br> v. <br><br> EMCURE PHARMACEUTICALS LIMITED, *et al.*, <br><br> Defendants. | Civil Action No. 15-280 (SRC) (CLW) <br><br> *Document Filed Electronically* <br><br> **FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER GRANTING THE PARTIES' CONSOLIDATED MOTION TO SEAL DOCUMENTS PURSUANT TO LOCAL RULE 5.3** |

**THIS MATTER** having been brought before the Court by Plaintiffs Sumitomo Dainippon Pharma Co., Ltd. and Sunovion Pharmaceuticals Inc. (collectively, "Plaintiffs") and Defendants Emcure Pharmaceuticals Ltd., Emcure Pharmaceuticals USA, Inc., Teva Pharmaceuticals USA, Inc. and Teva Pharmaceutical Industries Ltd. (collectively, "Defendants"), for an Order pursuant to Local Civil Rule 5.3 sealing materials designated confidential; and for other and good cause having been shown, the Court hereby finds:

739853.1

## FINDINGS OF FACT

1.      Defendants seek to protect confidential and proprietary information identified in Appendix A to the Declaration of Michael E. Patunas in Support of the Motion to Seal Documents pursuant to Local Civil Rule 5.3 ("Defendants' Confidential Information");

2.      On March 5, 2018, Plaintiffs filed their Opposition to Emcure's Motion to Modify the Parties' Negotiated Final Judgment and Order of Permanent Injunction (ECF No. 157), with attached declaration of M. Zhou;

3.      Portions of these submissions contain highly confidential, proprietary, and non-public information.

4.      Defendants' confidential and proprietary information, identified in Appendix A to the Declaration of Michael E. Patunas, relates to Defendants' proprietary commercial and business interests, including, but not limited to, nonpublic confidential settlement negotiations and draft consent judgments and communications related thereto, which includes information about Defendants' competitively sensitive business strategies;

5.      If filed on the public docket, the information will reveal confidential and proprietary information relating to Defendants' nonpublic confidential business information and Defendants' competitively sensitive strategies;

6.      Disclosure of this confidential information will cause irreparable harm to Defendants' business relationships and could cause Defendants to lose their competitive advantage in the highly competitive pharmaceutical marketplace;

7.      There is no less restrictive alternative available other than to seal the unredacted documents containing material identified in Appendix A to the Declaration of Michael E.

2

Patunas, and allowing redacted versions of those same documents be filed and made publicly available;

## CONCLUSIONS OF LAW

8.      The Court, having considered this matter pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 5.3, and the submissions in support of the Motion, finds that the Parties have satisfied their burden of proving under Local Civil Rule 5.3(c) and applicable case law, that the information sought to sealed by Defendants contains CONFIDENTIAL and ATTORNEYS' EYES ONLY information that warrants sealing.

9.      Although there exists in civil cases a common law public right of access to judicial proceedings and records, the right of public access is not absolute and the presumption of public access is rebuttable. *See Goldstein v. Forbes (In re Cendant Corp.),* 260 F.3d 183, 192, 194 (3d Cir. 2001) (citation omitted). The party seeking to seal part of a judicial record bears the burden of demonstrating that "the material is the kind of information that courts will protect." *Miller v. Indiana Hosp.,* 16 F.3d 549, 551 (3d Cir. 1994) (quoting *Publicker Indus., Inc. v. Cohen,* 733 F.2d 1059, 1071 (3d Cir. 1984)).   The Court has power to seal confidential information based on its inherent supervisory authority over its own records and files to deny public access to judicial records where those records might "become a vehicle for improper purposes." *In re Cendent,* 260 F.3d at 194.

10.     Local Civil Rule 5.3(c) places the burden of proof on the moving party as to why a motion to seal or otherwise restrict public access should be granted.  Specifically, it requires a showing of: (1) the nature of the materials or proceedings at issue; (2) the legitimate private or public interest which warrants the relief sought; (3) the clearly defined and serious injury that

3

739853.1

would result if the relief sought is not granted; and (4) why a less restrictive alternative to the relief sought is not available.

11.     The information in the Declaration of Michael E. Patunas and the Appendix thereto satisfies the standards set forth in Local Civil Rule 5.3(c) and there is no less restrictive alternative to sealing the Materials.

**WHEREFORE,** the Court having found that the relief sought is warranted, and for good cause shown,

IT IS ON THIS 23 DAY of _May_, 2018, ORDERED AS FOLLOWS:

1.     The parties' Consolidated Motion to Seal is **GRANTED**.

2.     The material identified in Appendix A to the Declaration of Michael E. Patunas in Support of Motion to Seal Documents Pursuant to Local Civil Rule 5.3 shall remain sealed.

**IT IS SO ORDERED**.

_____
Honorable Cathy L. Waldor, U.S.M.J.

739853.1